IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

LESTER JON RUSTON, §

    Plaintiff, §

vs. § COMPLAINT

STATE COMMISSION ON JUDICIAL CONDUCT, ET AL §    JURY TRIAL DEMANDED
SEANA WILLING
JOSEPH B. MORRIS §
JAMES A. HALL
MONICA A. GONZALEZ §    CIVIL ACTION NO. A06CA215 LY
RON BENNETT, INVESTIGATOR
§

    Defendants,

FILED
MAR 2 4 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

Preliminary Statement:

This is a civil rights action by Lester Jon Ruston, #26834-177, who is a **civil detainee** at the Medical Center for Federal Prisoners, due to allegations of "fact" contained herein, in part, for damages and injunctive and declaratory relief under 42 U.S.C. § 1983, alleging that the Defendants have engaged in an organized criminal conspiracy to violate the civil and constitutional rights of the Plaintiff, and have conspired to obstruct violations of State of Texas and Federal Laws with Judges in both Dallas and Collin County, Texas, on record since 1999 and continuing to this filing, in alleged criminal violation of Title 18 U.S.C. §'s 241, 2 and 2340 "Torture", which also continues to this filing, in retaliation for Plaintiff's status as a witness and whistleblower against them and their co-conspirators. Plaintiff alleges the torts of assault with battery, conspiracy to stalk and attempt to murder, invasion of privacy, malicious prosecution, false imprisonment, slander, libel and legal and medical malpractice negligence.

Jurisdiction:

1.   The Court has jurisdiction over the Plaintiff's claims of the violation of Federal Constitutional Rights under 28 U.S.C. §§ 1331(a) and 1343.

2.   The Court has supplemental jurisdiction under 28 U.S.C. § 1332 "diversity of jurisdiction".

3.   The Court has additional supplemental jurisdiction over the Plaintiff's Federal Tort Claims under 28 U.S.C. § 1367 (see Monell v. Dept. of Social Services, 436 U.S. 658 56 L.Ed 2d 611 98 S.Ct. 2018).

Parties:

4.   The Plaintiff is a pre-trial detainee, held under an alleged unlawful "civil" commitment at the Medical Center for Federal Prisoners (see Ruston v. Fish, et al 06-3077-CV-S-RED-P and Ruston v. United States, 05-3243-CV-S-RED-P Western District of Missouri, Southern Division). Plaintiff claims a waiver of the Prison Litigation Reform Act (PLRA) and has been granted such in Ruston v. Dallas County, Texas et al 05-3554-CV-S-RED-P and 06-3057-CV-S-RED-P Western District of Missouri, Southern Division. Plaintiff cites **Perkins v. Hedrick, 340 F.3d 582 8th Cir. 2003**. **Plaintiff is in imminent danger of serious physical injury and death, and has a contract out on his**

life, as evidenced in F.B.I. file 89B-DL-101826, U.S. Marshal's records in F.O.I.A. #2005USMS8783 and Dallas Police Records of Detective Nick Silva of Protective Services as well as all N.C.I.C. records of African-American male, ex-Marine, last known address 4804 Haverwood Lane, #826, Dallas, Texas 75287 as of May of 2004. All of these "facts" have been suppressed by the Defendants and their co-conspirators, whom are Judges in Dallas and Collin County, Texas.

5.   Defendants are a political sub-division of The State of Texas. Venue is proper as all of the allegations of fact contained herein occurred in Austin, Texas by the Defendants. They may be served with process at P.O. Box 12265, Austin, Texas 78711-2265 or www.scjc.state.tx.us. They are sued in their individual and "official capacity".

   Facts:

6.   Beginning in Sring of 1999 and continuing to the present, the Defendants have engaged in a criminal conspiracy to violate the civil and constitutional rights of the Plaintiff, which were clearly in place at the time of all allegations of fact contained herein. Specifically, Defendants conspired with Judge Weldon Copeland, of the County Court at Law #1, Collin County, Texas, to violate the Texas Health and Safety Code by an unlawful "civil" commitment of the Plaintiff to the Wichita Falls State Hospital, as witnessed by Tom McClure, State MHMR Attorney, who duly reported said crime to the Texas Rangers, via "Captain" W. Vickers of Troop "B" in Garland, Texas, who then covered up said crime. Further, McKinney Attorney Danny Wilson reported said crime to the Texas Rangers Sgt. Lee Young, of McKinney, Texas, who stated it was "preposterous", as he is a moron and the most incompetent investigator Plaintiff has ever "investigated".

7.   On or about 2000, Tom McClure contacted Plaintiff by mail, and told Plaintiff to report said crime to the Defendants. Plaintiff did, then was viciously attacked by Judge Charles Sandoval, who conspired with Weldon Copeland. Judge Charles Sandoval did then commit the State of Texas crimes of stalking, criminal coercion of a public servant, abuse of official capacity and improper influence, repeatedly, against the Plaintiff, all aided and abetted by the Defendants. Sandoval is dealing illegal drugs with his own children, Plaintiff's nephews in Carrollton, Texas, The Carrollton and Plano, Texas Police Departments and David Hamilton, a convicted drug dealer and income tax evader. Judge Charles Sandoval aided and abetted Hamilton's conspiracy to commit repeated stalking and income tax evasion, aided and abetted by the Defendants. Judge Charles Sandoval violated Canon 1, Canon 2 A., Canon 3 B.(5)(6)(7)(8)(9), repeatedly in Plano I.S.D. v. Ruston, 380-786-98 presiding as Judge, aided and abetted by the Defendants. Further, Judge Charles Sandoval violated Canon 4 D.(1). by aiding and abetting income tax evasion conspiracies with David Hamilton, d.b.a. Jack Boles Services of Dallas, Texas (see I.R.S.-C.I.D. records in Dallas, Texas). Said aiding and abetting of Copeland and Sandoval violate Defendants own Texas Code of Judicial Conduct.

8.   On or about 1999/2000, the Defendants conspired with Judge Mark Rusch, to violate Plaintiff's Constitutional protection against "double jeopardy" in County Court at Law # 4, Collin County, Texas. Plaintiff appealled three "railroads" by officials of the Plano Independent School District, and Mark Rusch ordered the clerks to tamper with the records provided to the 5th Appeals Court by removing Harold Glenn Adams Petition For a Writ of Habeas Corpus for Double Jeopardy from the record, a criminal violation of the Texas Penal Code "tampering with Government records", aided and abetted by the Defendants. Mark Rusch was "rewarded" by the Defendants and George W. Bush with a promotion to State District Judge for committing a State of Texas and Federal felony crime, to wit, Title 18 U.S.C. § 241, aided and abetted by all Defendants, who have ignored all Plaintiff's complaints.

9.   On or about September of 2004, Plaintiff reported multiple complaints on Dallas County Judges, on record in CJC No.: 05-0076-DI, 05-0086-DI and 05-0087-DI and that

State District Judges Henry Wade, Jr. and Charles Sandoval of District Courts 292, Dallas County and District Court 380 Collin County, had conspired to attempt to have Plaintiff murdered, repeatedly, in alleged criminal violation of Title 18 U.S.C. §'s 1113, 1513 and 2. Canon 2 A. clearly states that Judges should comply with the law at all times, yet Defendants have aided and abetted Charles Sandoval and Henry Wade, Jr. for years. Said acts violated Plaintiff's 4th Amendment rights to privacy.

10. Plaintiff was held in the Dallas County Jail from May 24, 2004 to October 15, 2004 without any attorney consultations or court hearings, while cases were pending in the District Court 194 before Mary Miller, a State District Judge. Canon 3 (9) clearly states that all matters should be disposed of by judicial officers promptly, efficiently and fairly. Plaintiff has been hearings, legal consultations or paperwork for 22 months by "Judge" Mary Miller, and the Defendants refuse to do anything but cover up her obvious insanity. Plaintiff has filed suit against Dallas County.

11. On or about October 18, 2005 Defendant Ron Bennett contacted Plaintiff and stated, in writing, that all matters have been "investigated", which is fraud, deceit, misrepresentation and is causing intentional infliction of emotional and mental distress, in alleged criminal violation of Title 18 U.S.C. § 2340 "torture".

12. All combined acts of the Defendants are aiding and abetting an organized "R.I.C.O. Racketeering" mafia, led by Judge Charles Sandoval, in alleged criminal violation of Title 18 U.S.C. § 1961.

Denial of Due Process:

13. That the actions of the Defendants have aided and abetted the violation of Plaintiff's civil and constitutional rights clearly established by State of Texas and Federal Laws which a reasonable person should have known. Plaintiff has been denied his 4th, 5th, 6th, 8th and 14th Amendment rights under the U.S. Constitution, by the reckless disregard for the duties of office of the Defendants for eight years.

14. Defendants may be in criminal violation of Title 18 U.S.C. §§ 2381 and 2388 as the Plaintiff was "volunteer" recruiting for the U.S. Navy during May of 2004, when the Defendants conspired with Dallas and Collin County Judges to file false documents and make false statements and engage in armed conflict with the Plaintiff, to violate his Constitutional Rights.

Claims for Relief:

15. All of the wanton acts of abuse of process, deceit, misrepresentation, slander, libel and the wanton violations of the Constitutional Rights of the Plaintiff have caused the loss of Plaintiff's property without due process, loss of liberty by deceit and misrepresentation, loss of income, loss of employment contracts, denial of Plaintiff's right to due process, and has caused the near loss of Plaintiff's life, as well as the life of Plaintiff's son, which was nearly lost in a suicide attempt, aided and abetted by all Defendants. Plaintiff's son has lost his educational and athletic careers, as a result of the wanton and willful acts of the Defendants in this matter, college scholarships, and the actions of the Defendants have resulted in the loss of human life. Said "facts" have caused the immeasurable infliction of emotional and mental distress to this filing, which has been wanton and willful, and will continue if the Court does not grant relief.

Relief Requested:

Wherefore, Plaintiff requests the Court grant the following relief:

A.   Issue a declaratory judgement stating that:

   1. The actions of the Defendants have aided and abetted the violation of State of Texas and Federal laws, which were clearly in place at the time of the allegations of fact.

   2. The actions of the Defendants aided and abetted the violation of statutory and constitutional rights that a reasonable person should have known.

B.   Issue an injunction ordering all Defendants not to come within 100 feet of the Plaintiff, nor any "agents" of the Defendants to come within 100 feet of the Plaintiff, and that after a trial, said "order" will be a permanent restraining order.

C.   Issue an injunction ordering Defendants to cease and desist the filing of any further paperwork with any Judge or any Court without the matter first being reviewed by this Honorable Court and Ronnie Earle, District Attorney of Travis County, and investiated by "agents" of this Honorable Court and Ronnie Earle, District Attorney of Travis County, as well as the Central Intelligence Agency.

D.   Award compensatory damages to include all costs associated with this litigation, including court costs, attorneys fees and fees for private investigator to assist the Plaintiff, who is deprived of all constitutional rights, illegally.

F.   Award punitive damages in the amount of $ 10,000.00 (ten thousand dollars), as only a strong monetary message will prevent the Defendants from continuing their abuse of process and authority and send a message to any other State of Texas Officials who are either "drunk" with authority or too lazy to perform their duties. Further, the Plaintiff intends on leaving the Country, and the Defendants should assist in bearing this cost, to prevent any further deprivation of constitutional rights of a constitution **that does not exist for the Plaintiff.**

G.   Grant such further relief as it may appear the Plaintiff is entitled to and the Honorable Court deems fair and equitable.

H.   The Court has jurisdiction over the injunctive relief requested above pursuant to Title 28 U.S.C. § 2283 & 2284 and has jurisdiction over the declaratory relief pursuant to Title 28 U.S.C. § 2201 and 2202.

Dated: 3-19-06

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801-4000

CERTIFICATE OF SERVICE

   A true and correct copy of the foregoing instrument was provided to the clerk of the court on this 24th day of March, 2006, by regular U.S. Mail. Plaintiff is an indigent pre-trial civil detainee, and does hereby request assistance with service as such, pursuant to the Fed.R.Civ.Pro.

Lester Jon Ruston

-4-